UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHAD BLANCHARD ET AL.                      CIVIL ACTION

VERSUS                                     NO. 11-1542

BP AMERICA PRODUCTION                      MAGISTRATE JUDGE
COMPANY ET AL.                             JOSEPH C. WILKINSON, JR.

### ORDER AND REASONS ON MOTION

Plaintiffs' Motion to Remand to State Court, Record Doc. No. 10, is pending before me. Defendants BP America Production Company and BP Products North America, Inc. (hereinafter jointly referred to as "BP") filed timely written opposition to the motion. Record Doc. No. 16. All parties remaining in this matter have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Record Doc. No. 17.

Having considered the written submissions of the parties, the record, and the applicable law, **IT IS ORDERED** that plaintiffs' motion to remand to state court is DENIED. Because plaintiffs' claims against the non-diverse defendant[1] are barred by prescription, I find that plaintiffs do not have a reasonable possibility of recovery against Chicory LLC. Chicory, which – like plaintiff – is a Louisiana citizen for diversity

---

[1] Two non-diverse defendants were named in the original state court petition. However, Chicory Holdings, LLC (emphasis added) was voluntarily dismissed from the case, Record Doc. No. 15, before all remaining parties consented under Section 636(c), leaving only a single non-diverse defendant, Chicory LLC.

jurisdiction purposes, is therefore improperly joined as a party, and must be dismissed from this case.

I.   BACKGROUND

On May 31, 2011, plaintiffs Chad Blanchard and Charlie's Restaurant and Catering L.L.C. filed a petition in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana, against the two BP defendants and the two Chicory defendants. Record Doc. No. 10-2, p. 1. Plaintiffs assert that they operate a restaurant and catering business in St. Bernard Parish. They allege that, on or around May 2, 2010, after the explosion of the Deepwater Horizon offshore drilling platform, BP entered into a contract with plaintiffs to provide catering services to BP personnel and contractors engaged in oil spill cleanup work. Id. at p. 3, ¶¶ 10-11. The petition states that BP – not plaintiffs – subsequently hired Chicory (identified in the petition as "TKO") to manage for BP the catering services being provided by plaintiffs and others. Id. at p. 4, ¶ 19. Plaintiffs allege that BP breached its contract with them by improperly terminating their catering contract, failing to purchase from them the contractually required "guaranteed number of meals" and failing to pay the invoiced amounts owed. Id. at pp. 6-7, ¶¶ 28-36. Plaintiffs seek $1,814,400 in "lost future business under its contract with BP," $17,932.80 in "unpaid invoices . . . for meals served but not paid for by BP," and "$188,294.40 for two weeks of catering services," together with attorney's fees and costs. Id. at pp. 6-7, ¶¶ 26, 32 and 36.

It is clear from both the petition and the evidence attached to BP's opposition memorandum that plaintiffs never entered into a contract with Chicory. The only causes of action alleged against Chicory in plaintiffs' petition are tortious interference with plaintiffs' contract with BP and violation of the Louisiana Unfair Trade Practices Act ("LUTPA"). Id. at pp. 5-6, ¶¶ 20-27.

Defendants removed the action to this court on June 30, 2011, alleging that Chicory had been improperly joined as a defendant to defeat diversity jurisdiction. Record Doc. Nos. 1 and 5. Plaintiffs filed a timely motion to remand, arguing that they assert valid causes of action against Chicory. Record Doc. No. 10.

II.  THE LEGAL STANDARD

Civil actions originally filed in state court may be removed to a federal court that would have original jurisdiction. 28 U.S.C. § 1441(a). Actions are removable based on diversity jurisdiction when 28 U.S.C.§ 1332(a) is satisfied, which requires at least $75,000 in controversy and complete diversity of citizenship among all properly joined parties. 28 U.S.C. § 1441(b). Removal requires the consent of all properly joined defendants. Rico v. Flores, 481 F.3d 234, 239 (5th Cir. 2007) (citing Getty Oil Corp. v. Ins. Co. of No. Am., 841 F.2d 812, 815 (5th Cir. 1988)).

Disputes over the propriety of removal jurisdiction require strict interpretation of the removal statute. In the presence of doubt, the court must err on the side of remand. Gash v. Hartford Accident & Indem. Co.; 491 F.3d 278, 281-82 (5th Cir. 2007) (citing

Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)). The jurisdictional facts supporting removal must be analyzed as of the time of removal. Gebbia v. Wal-mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). Thus, in an analysis of improper joinder, removal jurisdiction must be supported by the claims alleged in the state court petition. Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

The test for improper joinder is whether the removing defendants have shown either "(1) actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Elam v. Kan. City So. Ry., 635 F.3d 796, 813 (5th Cir. 2011) (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004)) (emphasis added). Under the second inquiry,[2] defendants have the heavy burden to demonstrate that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood, 385 F.3d at 573. A mere theoretical possibility of plaintiff's recovery against an in-state defendant is insufficient to establish proper joinder. Kling Realty Co. v. Chevron USA, Inc., 575 F.3d 510, 513 (5th Cir. 2009); see also Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 2005) ("While the burden of demonstrating fraudulent joinder is a heavy one, we have never held that a particular

---

[2]In the instant case, the removing defendants do not allege actual fraud in the pleading of jurisdictional facts, and there is no indication of actual fraud in this record.

plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist.").

It is irrelevant to the improper joinder analysis "whether the plaintiff will actually or even probably prevail on the merits of the claim" against the non-diverse party. Guillory v. PPG Indus., Inc., 434 F.3d 303, 308-09 (5th Cir. 2005). Provided that there is arguably a reasonable possibility of recovery under controlling state law, any valid cause of action against an in-state defendant may defeat a claim of improper joinder. Id. at 309. Thus, the allegations in the state court petition, "read leniently in favor of remand," are ordinarily sufficient to identify whether the plaintiff has established a reasonable basis of recovery. Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005). However, when the plaintiff has stated a valid claim on the face of the pleadings but has "misstated or omitted discrete facts," the court has discretion to look beyond the pleadings and conduct a summary judgment-type inquiry. Smallwood, 385 F.3d at 573 (emphasis added). The Fifth Circuit has cautioned against widening the scope of the analysis, stating that "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. (emphasis added).

All material disputed facts and any ambiguities in controlling state law must be resolved in favor of the plaintiff. Elam, 635 F.3d at 813. Accordingly, the burden on the removing defendant to prove improper joinder is heavy and is only met when the

undisputed facts and uncontested evidence preclude any reasonable possibility for recovery against the non-diverse defendant. Guillory, 434 F.3d at 308-09. When the plaintiff states a valid claim against the in-state defendant on the face of the pleadings, "simply pointing to the plaintiff's lack of evidence" to support the claim is insufficient to establish improper joinder. Elam, 635 F.3d at 813; see Travis v. Irby, 326 F. 3d 644, 650-51 (5th Cir. 2003) (removing defendant must put forward evidence to diminish the possibility that plaintiff's claim will succeed under controlling state law.)

When determining whether the plaintiff can establish any reasonable possibility for recovery against the non-diverse party, the court may not consider post-removal filings that raise new causes of action. Griggs, 181 F.3d at 700; see Cavallini, 44 F.3d at 263-65 (removal jurisdiction is limited to the claims included in the state court complaint). Likewise, plaintiff may not present theories of recovery in support of remand that were not included in the state court petition. Griggs 181 F.3d at 700. Additional allegations filed by the plaintiff after removal may only be considered to the extent that they support or explain the claims presented in the state court petition. Id.

III.  ANALYSIS

One of plaintiffs' asserted grounds for remand to state court must be rejected. Their argument that Louisiana procedural law (specifically, La. Code Civ. Proc. art. 463) provides the applicable joinder standard is without merit. While Louisiana substantive law provides the rules of decision as to the merits of plaintiffs' state law causes of action,

federal law as outlined above, not Louisiana procedural law, applies to the question of improper joinder in this context.

Plaintiffs' additional argument in support of remand – that they have <u>not</u> improperly joined a non-diverse defendant because they have stated valid, cognizable claims against Chicory – also lacks merit. I find that plaintiffs have not established any reasonable basis of recovery against Chicory because both their tortious interference and LUTPA claims against Chicory are barred by Louisiana law of prescription.[3]

As to prescription, it is clear that plaintiffs' state court petition "omitted discrete facts" concerning their possibility of recovery against Chicory, specifically the date of the termination of the specific contract on which plaintiffs' suit is based, which necessarily must also be the last date of any possible tortious interference or unfair trade practice committed by Chicory. <u>Smallwood</u>, 385 F. 3d at 573.

Louisiana law is clear that LUTPA claims are subject to a one-year limitations period, La. Rev. Stat. § 51:1409(E); <u>Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp.</u>, 292 F.3d 471, 481 n.3 (5th Cir. 2002); <u>Abene v. Jaybar, LLC</u>, No. 11-143, 2011 WL 2847436, at *5 (E.D. La. July 14, 2011) (Fallon, J.); <u>Miller v. Conagra, Inc.</u>, 991 So. 2d 445, 455-56 (La. 2008), and that a tortious interference claim is subject to a one-year

---

[3] BP asserts two additional arguments in opposition to plaintiffs' motion to remand: (1) plaintiffs cannot state a valid claim for tortious interference with contractual relations under <u>9 to 5 Fashions v. Spurney</u>, 538 So. 2d 228, 234 (La. 1989), and (2) plaintiffs cannot state a valid claim under the LUTPA. Because I am convinced by BP's prescription argument, I find it unnecessary to address either of these additional arguments against remand at this time.

prescriptive period.  La. Civ. Code arts. 3454, 3492; K.P.'s Auto Sales Inc. v. General Motors Corp., No. 07-30906, 2008 WL 4580087, at *3 (5th Cir. Oct 15, 2008).  All of the affidavits attached to BP's opposition memorandum establish that BP terminated the contract upon which plaintiffs base their suit on May 30, 2010.  Record Doc. Nos. 16-1 at ¶¶ 9 and 10, 16-2 at ¶ 9, 16-3 at ¶ 9.  BP's evidence is uncontested.  Although the evidence indicates that plaintiffs were subsequently "given another chance," their later catering services were pursuant to a different agreement with BP that was much limited when compared to the different and distinct broad-ranging contract upon which plaintiffs base the instant suit, and their subsequent, limited work for BP is not the basis of their claims against Chicory.

Thus, May 30, 2010 is the last possible date on which Chicory could conceivably have tortiously interfered with plaintiffs' contract with BP or engaged in unfair trade practices.  Plaintiffs filed their petition on May 31, 2010, Record Doc. No. 10-2 at p. 1, one day late.  Even only one day late is too late under the applicable Louisiana prescription law.  See Bourg v. Woods, 31 So. 3d 1123, 1125 (La. App. 5th Cir. 2010) (trial court did not err in granting exception of prescription when accident occurred on October 1, 2006, but suit was not filed until October 2, 2007); Delahoussaye v. Thibodeaux, 498 So. 2d 1137, 1138 (La. App. 3d Cir. 1986) (suit filed on February 22, 1985 was untimely when accident in which plaintiff was injured occurred on February 21, 1984).

8

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that plaintiffs' motion to remand to state court is hereby DENIED. Chicory is improperly joined because plaintiffs' claims against it are prescribed. Plaintiffs therefore have no reasonable possibility of recovery against Chicory. Because Chicory is improperly joined and the claims against it are prescribed, all claims against defendant Chicory are hereby DISMISSED. See Kling, 575 F.3d at 513 (affirming dismissal of improperly joined defendant).

New Orleans, Louisiana, this ___6th___ day of October, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE