UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAD BLANCHARD ET AL. | CIVIL ACTION |
| VERSUS | NO. 11-1542 |
| BP AMERICA PRODUCTION COMPANY ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

### ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:   Defendants' Motion to Compel and to Continue Deadline for Pretrial Motions, Record Doc. No. 24

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART.  Pursuant to my previous order, Record Doc. No. 26, the deadline for filing written opposition, if any, to defendants' Motion to Compel and to Continue Deadline for Pretrial Motions, Record Doc. No. 24, was February 28, 2012. No memorandum in opposition to the motion has been received. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit only in part, **IT IS ORDERED** that the motion is determined as follows.

The motion is granted insofar as it relates to Requests for Production of Documents Nos. 8, 9, 11, 20, 21, 22 and 23. **IT IS ORDERED** that no later than **March 6, 2012**, plaintiff must provide defendants with new written responses to these requests, signed pursuant to Fed. R. Civ. P. 26(g), clearly stating either that all responsive materials have been produced or that no responsive materials are in plaintiff's possession, custody or control, and plaintiff must actually produce to defendant all responsive materials, if any.

The motion is denied insofar as it seeks a continuance of the motion filing deadline. A Rule 16 order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). In determining "good cause" in connection with a Rule 16 scheduling order of the type that was entered in this case, the court must weigh the following factors: (1) the explanation for the failure to comply, (2) the importance of the matters that are the subject of the order, (3) potential prejudice

in allowing the requested action and (4) the availability of a continuance to cure such prejudice. Nunez v. United States Postal Serv., 298 F. App'x 316, 319 (5th Cir. 2008) (district court did not abuse discretion in denying leave to designate experts beyond the scheduling order deadline); Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996, 1000-01 (5th Cir. 1998) (district court abused discretion in allowing late-designated expert to testify at trial without having considered the four factors).

Weighing these factors in the instant case militates against a finding of good cause. The explanation for the request for an extension is not persuasive, and the subject of the request for extension is not important. Defendant asserts that the extension is being sought so that defendant may file a motion for summary judgment on grounds "that the plaintiff has no evidence to support certain key elements of his case." Record Doc. No. 24-25 at p.1. This kind of motion for summary judgment may be filed without the materials requested by defendant. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). While some prejudice to the parties may result in continuing motion practice to a time when trial preparation should also be occurring, it is the court that would be most prejudiced by the request for extension, since it would be impossible to determine any summary judgment motion filed by the proposed new deadline before the scheduled trial. It appears that the kind of motion defendant contemplates could be as easily and efficiently pursued at the conclusion of plaintiff's case-in-chief at trial as on the eve of trial under Fed. R. Civ. P. 56. Finally, a continuance of the April 2, 2012 trial date is not available under these circumstances. For these reasons, the request for extension of the motion deadline is denied.

The parties are directed to complete their discovery as agreed upon (since my discovery deadline has already lapsed) as soon as possible so that they may promptly begin trial preparation.

New Orleans, Louisiana, this ___29th___ day of February, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

2